IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

STEPHANIE ANN ANDERSON                     Case No. 18-20467
GREGORY ALLEN ANDERSON, JR.                Chapter 7

      Debtors.

---

STEPHANIE ANN ANDERSON
GREGORY ALLEN ANDERSON, JR.

      Plaintiffs,                     AP No.

    v.

STATE OF WEST VIRGINIA,
*EX REL.* PATRICK MORRISEY,
WEST VIRGINIA
STATE ATTORNEY GENERAL,

      Defendant.

### **COMPLAINT SEEKING DECLARATORY JUDGMENT**

    Debtors/Plaintiffs, Stephanie Ann Anderson and Gregory Allen Anderson, Jr. represents as follows:

    1.    Defendant is a creditor of plaintiffs, duly listed in the schedule of creditors and mailing matrix as part of the initial filing of this Chapter 7 case.

    2.    On September 27, 2018, the Clerk of the Court mailed defendant a Notice of Chapter 7 filing. Paragraph 9 of the said Notice reads as follows:

> Deadlines -- File by the deadline to object to discharge or to
> challenge whether certain debts are dischargeable:
> Filing deadline 12/18/18

    3.    Defendant did not file an adversary proceeding against debtors seeking an order determining debts to be non-dischargeable prior to the expiration of the "bar date" of December 18, 2018 or any time afterwards.

    4.    The defendant in this case, State of West Virginia, *Ex Rel.* Patrick Morrisey, West Virginia State Attorney General did file an adversary proceeding within the main case of debtors, but the complaint was not filed against the debtors and

neither debtor is a party in that adversary proceeding. See Adversary Proceeding, No. 2:18-ap-02023.

5. The Complaint in 2:18-ap-02023 is styled as "Arthur Standish, Trustee, versus State of West Virginia, *Ex Rel.* Patrick Morrisey, West Virginia State Attorney General, Defendant". The body of the Complaint contains language similar to what one would expect to see in a complaint challenging the dischargeability of debts in a Chapter 7 case.

6. The initial lead-in sentence of the complaint describes the case specifically this way: "Defendant, West Virginia Attorney General Patrick Morrisey, for this cause of action states as follows …" This action is expressly stated to be one brought by the named defendant.

7. In paragraph 5, the "State of West Virginia *ex rel.* West Virginia Attorney General Patrick Morrisey, "is specifically referred to as "Defendant".

8. In the prayer for relief on page 9, the Complaint for the first time, states that the defendant is "Patrick Morrisey, ex rel. State of West Virginia" (compared to State of West Virginia *Ex Rel* Patrick Morrisey, State Attorney General) and it is he that is seeking relief.

9. Finally, the Verification attached to the complaint identifies Melissa L. Starcher, Assistant Attorney General who filed the complaint, as "… counsel of record for the Defendant, State of West Virginia ex rel Patrick Morrisey in the Adversary Proceeding…"

10. Obviously, this complaint was intentionally, knowingly and deliberately filed this way, with the Attorney General as a defendant seeking relief. There was no typographical, scrivener or secretarial error.

11. The odd nature of this complaint led the Clerk's Office to issue Deficiency Notice (Dock. 3) in 2:18-ap-02023 that sheds additional light on the issue. The Clerk reports that counsel for the Attorney General was notified and warned when that case was filed that the parties may not be correct. Counsel could have refiled a proper complaint or filed a routine Motion to Extend Deadline, but stood firm on the filing of the complaint as drafted and requested that it be filed as is.

12. The defendant goes by multiple names in that Complaint, but one thing for certain is there can be no doubt or ambiguity that the debtors are **not** the defendants in that adversary proceeding. The debtors have **not** been served. **No**

adversary proceeding has been filed against the debtors. The debtors are **not** parties to that adversary proceeding.

13. The defendant in this instant action filed by debtors is the State of West Virginia Ex Rel Patrick Morrisey, State Attorney General a known creditor of the debtors. Here debtors seek the entry of an order that since the bar date has long passed, any monetary debt owed pre-petition by the debtors to the defendant is discharged because no adversary proceeding seeking non-dischargeability has been filed against either debtor and the "bar date" has long since passed.

14. Defendant is barred by its failure to timely act from now seeking an order of non-dischargeability of the monetary awards of $25,300.00 and $5,000.00 set forth in the judgment of April 4, 2017, entered in Civil Action No. 16-C-1488 in the Circuit Court of Kanawha County, West Virginia, as those two awards are discharged. See attached judgment order.

15. Plaintiffs are aware that the state court order in case 16-C-1488 also awarded injunctive relief to defendant herein, and plaintiffs/debtors seek no relief in this adversary proceeding that in any way affects or impairs the award of injunctive relief by the state court.

**WHEREFORE**, debtors pray that the Court order that the monetary debt owed pre-petition by debtors to the defendant arising from the state court order is subject to the general discharge entered in this Chapter 7 and, since no proper adversary proceeding was filed before the bar date, said debts are discharged; and for such other and further relief as is just.

                                                **GREGORY ALLEN ANDERSON, JR.**
                                                **STEPHANIE ANN ANDERSON**
                                                          **By Counsel**

*/s/ William W. Pepper*
WILLIAM W. PEPPER (WVSB #2857)
EMMETT W. PEPPER (WVSB #12051)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
(304) 346-0361
*Counsel for Debtors*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel.
PATRICK MORRISEY,
Attorney General,

        Plaintiff,

v.

        Civil Action No. 16-C-1488
        Judge Louis H. Bloom

ANDERSON'S HANDYMAN SERVICES LLC,
a West Virginia limited liability corporation;
GREGORY ANDERSON, individually and as a
manager of Anderson's Handyman Services LLC; and
STEPHANIE ANDERSON, individually and as a
manager of Anderson's Handyman Services, LLC,

        Defendants.



### AGREED FINAL ORDER
### GRANTING JUDGMENT AGAINST DEFENDANTS

On this day came the State of West Virginia, ex rel. Patrick Morrisey ("the State"), by counsel Melissa Leigh Starcher, Assistant Attorney General, and Chris Carlson, Assistant Attorney General, and the Defendants, Anderson's Handyman Services LLC, Gregory Anderson and Stephanie Anderson ("Anderson"), by counsel, David P. Cook, Jr., and advised the Court that they have resolved their differences and the parties consent to the entry of this Agreed Order Granting Judgment.

The Court, after being fully advised, and upon due consideration of the terms and conditions of the parties' agreement, finds that the agreement is just and in accord with applicable law. Therefore, the Court states as follows:

Gregory Anderson and Stephanie Anderson are managers and owners of Anderson's Handyman Services LLC, which was licensed by the West Virginia Contractor Licensing Board (License No. WV052145). This license only allowed the business to perform siding, roofing and flooring contracting services.

Due to the number of consumer complaints filed with the Consumer Protection and Antitrust Division of the Attorney General's Office against Anderson, the State opened an investigation to determine if Anderson was violating the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101, *et seq.*, (the "Act"), and the West Virginia Contractor Licensing Act, W. Va. Code § 21-11-3(c).

Based on the results of its investigation, the State filed suit against Anderson. The State alleged Anderson was paid to perform residential contracting work for consumers outside the scope of its license; failed to perform the services they were paid for or performed the services in an unworkmanlike manner; misled consumers by failing to provide consumers with sufficient written contracts; and that Anderson's Handyman required consumers to pay in excess of the original total project cost.

Without admitting to any allegations in the Complaint, Anderson agrees to settle this matter under the terms set forth below and for entry of this Order.

It is therefore ORDERED and ADJUDGED as follows:

1. It is ORDERED that Anderson Handyman Services, LLC, Gregory Anderson and Stephanie Anderson, jointly and severally, shall pay the Attorney General the amount of $25,300.00 to be used for consumer restitution. To the extent there is money remaining after consumer claims have been paid, the balance shall be used to reimburse any costs associated with payment to consumers and the balance will go to the Attorney General and may be used by the Attorney General

2

*State ex rel. Morrisey v.*
*Anderson's Handyman Services, LLC*
Agreed Final Order

for any one or more of the following purposes: direct and indirect administrative, investigative, compliance, enforcement, or litigation costs and services incurred for consumer protection purposes; to be held for appropriation by the Legislature; and/or distribution to taxpayers and/or consumers.

2. It is ORDERED that Anderson Handyman Services, LLC, Gregory Anderson and Stephanie Anderson, jointly and severally, shall pay a civil penalty of $5,000.00 to the Attorney General's Office Consumer Protection and Anti-Trust Division. However, if Anderson pays the entire judgment amount within one year from the date of the entry of this Order, the civil penalty shall be reduced to $2,500.00. This amount paid as a civil penalty may be used by the Attorney General for any one or more of the following purposes: direct and indirect administrative, investigative, compliance, enforcement, or litigation costs and services incurred for consumer protection purposes; to be held for appropriation by the Legislature; and/or distribution to taxpayers and/or consumers.

3. It is ORDERED that Gregory Anderson and Stephanie Anderson are each enjoined from engaging in contracting work or handyman services in West Virginia until such time as either or both receives proper certification from the West Virginia Contractor's Licensing Board and proper registration with any other applicable agency. The defendants shall not engage in contracting work or handyman services in West Virginia until such time as all restitution, civil penalties, and any Division of Labor fines and penalties are paid in full.

4. It is further **ORDERED** that the parties shall bear their own costs and fees.

5. Other than such jurisdiction as is necessary to oversee implementation of the terms of this Agreed Order and enforcing the terms set forth herein, it is further ORDERED that this action is dismissed, with prejudice.

3

*State ex rel. Morrisey v.*
*Anderson's Handyman Services, LLC*
Agreed Final Order

The Clerk is directed to remove the matter from the Court's active docket and to send a certified copy of this Order to counsel of record addressed to them as follows: Melissa Leigh Starcher, Assistant Attorney General, Consumer Protection and Antitrust Division, P. O. Box 1789, Charleston, WV 25326-1789 and David P. Cook, Jr., MacCorkle Lavender PLLC, P. O. Box 3282, Charleston, WV 25332.

Entered this ___4___ day of ___April___, 2017.

_____
HONORABLE LOUIS H. BLOOM, JUDGE
Circuit Court of Kanawha County

Prepared by:

_____
MELISSA LEIGH STARCHER, ESQ. (WVSB No. 9989)
Assistant Attorney General
CHRIS CARLSON, ESQ. (WVSB No. 12726)
Assistant Attorney General
Consumer Protection and Antitrust Division
P.O. Box 1789
Charleston, WV 25326-1789
Telephone: (304) 558-8986
Counsel for the State of West Virginia ex rel. Patrick Morrisey

Approved for entry by:

_____
DAVID P. COOK, JR. ESQ. (WVSB No. 9905)
MacCorkle Lavender PLLC
P.O. Box 3282
Charleston, WV 25332
Telephone: (304) 344-5600
*Counsel for the Defendants*

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 5th
DAY OF April 2017
Cathy S. Gatson, CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

4

*State ex rel. Morrisey v.*
*Anderson's Handyman Services, LLC*
Agreed Final Order